WILLIAM SCHEIN, Plaintiff, *v.* ERASMUS REALTY COMPANY, INC., Defendant.

(Supreme Court, Kings Special Term, April, 1919.)

Title — executors and administrators — when power of sale in executors overrides the whole estate — associations — foreclosure — mortgages — deeds — wills — parties — contracts — Code **Civ.** **Pro.** § 1919.

A testator devised a one-third interest in certain real estate to his widow, two twenty-fourths to each of his seven adult children and two twenty-fourths to his widow and a son as executors in trust for his two grandchildren, each under the age of fourteen years. The widow having conveyed her interest in the property to the children, they gave a mortgage thereon in which the owners of the interest held in trust for the grandchildren did not join. Thereafter the executors under the power of sale given by the will conveyed the entire premises to one who subsequently conveyed the same subject to the mortgage, and the last grantee conveyed the property to a local union of an unincorporated association subject to the same mortgage. An action to foreclose said mortgage, to which the president of the local union, its grantor and his wife and certain mechanics' lienors were the only defendants, resulted in a judgment of foreclosure and sale of the premises to one who thereafter received from the grantor of the local union and his wife a quit-claim deed of the property and the title of the purchaser under the sale in foreclosure, if any, was by several mesne conveyances transferred to the defendant herein.

In a vendee's action to establish an equitable lien in an amount representing the down payment, expenses for examination of the title and improvements made on the faith of the contract of sale of said property, *held*, that while the mortgage covered only twenty-two twenty-fourths of the title of the devisees the entire title was conveyed by the deed given by the executors, consequently their grantee and the grantor of the local union were seized of the entire title subject to the mortgage.

The deeds of the local union vested the title in all the members not as tenants in common but as joint tenants with

*Supreme Court, April, 1919.*          [Vol. 107.

right of survivorship, and even assuming that said members became vested with the title they were not, under section 1919 of the Code of Civil Procedure, necessary parties to the foreclosure action which was properly brought against its president, and all the title of the local union and its members passed by the referee's deed in foreclosure.

The plaintiff was not justified in law in refusing to accept the tender of the conveyance pursuant to the contract of sale on the ground that, as the local union under the Real Property Law was incapable of taking title the deed to the local union vested the title in the members as individuals, and judgment for the dismissal of the complaint upon the merits is directed.

The local union and its members were estopped by the deed under which they acquired the entire fee subject to the mortgage from asserting that it was foreclosed against the association only as to the proportion of the title which it covered.

A contention of defendant that the deed to the local union was a nullity and that by virtue of the quit-claim deed defendant obtained a good and marketable title was not sound in law.

ACTION to establish an equitable lien upon real property.

Samuel Bikoff (Alexander Bloch, of counsel), for plaintiff.

David Groberg (Herman S. Bachrach, of counsel), for defendant.

BENEDICT, J. This is a vendee's action to establish an equitable lien upon real property for the sum of $1,229, representing the down payment, expenses of examination of title and improvements to the property made on the faith of the contract. The defendant has interposed a defense, but not a counterclaim, asking for specific performance. The contract of sale was in writing, and the time fixed for taking title was postponed by agreement several times on account of the alleged defect by reason of which the vendee was unwilling to complete the purchase. The defect upon

which the vendee bases his refusal to complete arises out of the following facts, which can very well be summarized, as the counsel for the plaintiff has done in his brief, in the following language: " One John B. Ermete died seized of the property on the 10th day of January, 1897, leaving a widow, seven adult children and two grandchildren, infants under the age of fourteen years. By his will he devised a one-third interest in the premises to his widow, 2-24 to each of his seven children and 2-24 to his executors in trust for the grandchildren during their minorities. He appointed his son Frank and his widow his executors, and gave them discretionary powers to sell his real estate. The widow conveyed her interest in the said property to the seven children, and on the 26th day of October, 1897, the seven children, then owning 22-24 interest in the premises, executed a mortgage for three thousand three hundred ($3,300.00) dollars to one Harman Wernmann. The owners of the 2-24 interest held in trust for the grandchildren did not join in the execution of the mortgage. Thereafter, and on the 12th day of September, 1906, the executors, exercising the power of sale given them under the will, conveyed the premises to one Kiendl, and on May 5, 1909, Kiendl conveyed the same to one Beihl, subject to a mortgage of three thousand three hundred ($3,300.00) dollars. On May 3d, 1909, Beihl in consideration of the sum of six thousand ($6,000.00) dollars conveyed the premises to Local Union No. 147, United Brotherhood of Carpenters and Joiners of America, an unincorporated association, subject to the said mortgage of three thousand three hundred ($3,300.00) dollars. On February 3d, 1912, Wernmann brought an action to foreclose his mortgage for three thousand three hundred ($3,300.00) dollars. The defendants were Henry Matheson, as president of Local Union No. 147, &c.; Beihl and his wife, and

certain mechanics' lienors who had filed liens against the premises between October 8th, 1909, and December 7th, 1909, which liens were kept alive by the commencement of a mechanic's lien action by one of the said lienors on the 25th day of April, 1910. The said action to foreclose the mortgage resulted in a judgment of foreclosure and the sale of the premises to one Sarah V. Gentry. On the 25th day of June, 1912, Beihl, the grantor of the local union, and his wife, by quit claim deed conveyed the premises to the said Sarah V. Gentry, the purchaser under the foreclosure sale. Sarah V. Gentry's title, if any, was by several mesne conveyances transferred to the defendant. It is contended by the plaintiff that the deed by Beihl to the local union vested the title to the premises in the members of the union individually, inasmuch as the local union was an unincorporated association and incapable of taking title under the provisions of the Real Property Law. Therefore each and every member of such unincorporated association, and the wives of the married members, should have been made parties defendant to the action to foreclose the mortgage, which they were not.''

The position which the defendant takes in opposition rests upon the theory that the deed to the local union is a nullity and that after the foreclosure of the Wernmann mortgage Beihl and his wife, the persons who had made the deed to the local union, conveyed the premises by quitclaim deed to Sarah V. Gentry, the grantee in the referee's deed, and that by virtue of this deed the present defendant obtained a good and marketable title to the property in question.

Neither of these two contentions is sound in law. While it is true that the mortgage for $3,300 only covered twenty-two twenty-fourths of the title of the devisees of John B. Ermete, the entire title was conveyed by the executors of his will under the general

power of sale conferred upon them by the will. This power was broad and unrestricted and overrides the whole estate. See *Cussack* v. *Tweedy,* 126 N. Y. 81, 87. Therefore, the grantee in the deed by the executors, one Kiendl, became seized of the entire title, and his grantee, Beihl, became similarly seized, the property all the time being subject to the mortgage for $3,300. Beihl conveyed the title to the local union subject to the same mortgage. As to whether the effect of this last mentioned conveyance was to vest title to the property in all the members of the local union then existing is not important for the purposes of this case. I am inclined to the opinion that such was the effect of the conveyance. The local union was neither a corporation, a partnership nor a joint stock company. It was what is known as an '' association '' or as a '' voluntary association.'' The title vested in all the members by force of the deed, not as tenants in common, but as joint tenants with survivorship. See *Branagan* v. *Buckman,* 67 Misc. Rep. 242; affd., 145 App. Div. 950; also the decision of Judge Vann in *Ostrom* v. *Greene,* 161 N. Y. 353, 360. But even assuming that all the members of the local union became vested with the title under this deed, it does not by any means follow that they were all necessary parties to a foreclosure of the Wernmann mortgage. Section 1919 of the Civil Code covers a situation such as this. It provides as follows: ''An action or special proceeding may be maintained, by the president or treasurer of an unincorporated association, consisting of seven or more persons, to recover any property or upon any cause of action, for or upon which all the associates may maintain such an action or special proceeding, by reason of their interest or ownership therein, either jointly or in common. * * * An action or special proceeding may be maintained, against the president or treasurer of such an associa-

tion to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally." It follows, therefore, that the action to foreclose the mortgage upon the property of the local union was correctly brought against Henry Matheson, as president of the local union, and that the referee's deed in such action conveyed all the title of the union and the members thereof in the property. This title subsequently came into the defendant by mesne conveyance, and the plaintiff was not justified in law in refusing to accept the tender of the conveyance thereof by the defendant upon the grounds urged against the validity of the title.

But it may be urged that the $3,300 mortgage only affected twenty-two twenty-fourths of the title which became vested in the members of the local union, and that such mortgage was subsequently foreclosed against that association only as to that proportion of the title. A complete answer to that suggestion is that the association and its members were estopped, by the provisions of the deed under which they acquired title, from asserting such a claim. By this deed they became seized of the entire fee expressly subject to the mortgage for $3,300. When that was foreclosed against them their entire title was divested. Even if such were not the case, however, and their grantee in foreclosure, Sarah V. Gentry, only acquired twenty-two twenty-fourths of the title, the remaining two twenty-fourths were then outstanding in Beihl, and by the deed of quitclaim executed by him and his wife to Sarah V. Gentry the title to these two twenty-fourths became vested in her.

It is not necessary, in view of this determination,

to consider the question which was litigated upon the trial as to whether or not there had been an unauthorized change or alteration in the written contract of sale after its execution.

Judgment is accordingly directed in favor of the defendant against the plaintiff dismissing the complaint upon the merits, with costs.

Judgment accordingly.